IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DENNIS RAY RIGSBY, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. CIV-21-834-R |
| | ) | |
| **STACY L. SMITH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff, a state pretrial detainee appearing *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On August 27, 2021, Judge Erwin issued a Report and Recommendation wherein he recommended that the Complaint be dismissed. (Doc. No. 6). The matter is currently before the Court on Plaintiff's timely objections to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. (Doc. Nos. 9 and 13). Having conducted such review, the Court finds as follows.[1]

In the Report and Recommendation Judge Erwin sets forth the history of the criminal case underlying Plaintiff's current case and outlines the claims Plaintiff seeks to

---

[1] "Because [the plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

raise, all of which relate to his contention that Defendant Smith provided constitutionally ineffective counsel in a 2004 criminal case. Citing *Heck v. Humphrey*, 512 U.S. 477 (1994), Judge Erwin recommends dismissal of the action because Plaintiff's 2004 conviction has not been vacated or overturned and a victory on his part would imply the invalidity of his conviction.

In his initial objection to the Report and Recommendation Plaintiff simply states "Stacy L. Smith being 'NOT' a governmental entity, officer or employee!" (Doc. No. 9). To the extent Plaintiff is conceding that Mr. Smith, his private attorney, was not a state actor, Plaintiff may not pursue a claim against him under 42 U.S.C. § 1983. "Section 1983 permits suits against persons who, acting under the color of state law, deprive a United States citizen of his constitutional rights." *Boutwell v. Keating*, 399 F.3d 1203, 1208 (10th Cir. 2003). It follows that a prerequisite to any relief under Section 1983 is a defendant who is a state actor. *Nagy v. Spence*, 172 F. App'x 847, 848 (10th Cir. 2006). Accordingly, accepting as true the statement in the initial objection, Plaintiff has failed to state a § 1983 claim.

If the Court is incorrect in its interpretation of Plaintiff's initial objection and Mr. Rigsby is asserting that Mr. Smith was a state actor for purposes of § 1983 liability, nothing in the second objection provides a basis for rejecting Judge Erwin's conclusion that the claims cannot proceed because his conviction has not been invalidated.[2] Accordingly, to

---

[2] Plaintiff notes that the Report and Recommendation incorrectly concludes that his 2004 conviction in the District Court of Oklahoma County was for second-degree murder because he was actually convicted of first-degree manslaughter. This error in the Report and Recommendation provides no basis for disregarding the ultimate conclusion therein, that Plaintiff cannot proceed on his claim.

the extent consistent herewith, the Report and Recommendation is ADOPTED and the case dismissed.

On September 2, 2021, Plaintiff filed a "Motion to request the court to help me get information and appoint plaintiff representation/counsel to protect my rights. . . ." (Doc. No. 10). In his September 17, 2021, Objection to the Report and Recommendation (Doc. No. 13), Plaintiff reiterates his request for counsel. The requests for the appointment of counsel are DENIED because this case is being dismissed and there is no basis in any of Plaintiff's filings for amendment of his pleadings. Furthermore, there is at this juncture no need for information because the case is dismissed.

For the reasons set forth herein, this action is DISMISSED.

**IT IS SO ORDERED** this 21st day of September 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE